#### In re GREGORY'S WILL (No. 2).

County Judge's Court, Palm Beach County.

May 13, 1954.

Phillip D. O'Connell, West Palm Beach, for Ernest B. Walton, as executor of the estate of John C. Gregory, deceased.

Loren D. Simon, West Palm Beach, for Atlantic National Bank of West Palm Beach, as executor of the estate of John C. Gregory, deceased.

Wideman, Caldwell, Pacetti & Robinson, West Palm Beach, for Young Men's Christian Association of the Palm Beaches.

Joe H. Lesser, West Palm Beach, for the Salvation Army.

Wardlaw & Stewart, West Palm Beach, for Good Samaritan Hospital Association.

Gibson & Gibson, West Palm Beach, for Pine Ridge Hospital, Inc. and St. Mary's Hospital, Inc.

RICHARD P. ROBBINS, County Judge.

The Young Men's Christian Association of the Palm Beaches, one of the residuary legatees under the provisions of the last will and testament of John C. Gregory, deceased, has filed in this court its petition for a partial distribution, alleging that the time for filing claims in said estate has expired, that the estate taxes have been settled upon an audit by the United States Government and that the estate has on hand substantial cash in ample amount to pay the final expenses of administration and to make a substantial distribution to the residuary legatees. It is further alleged that the petitioner needs funds with which to pay debts incurred in carrying forward a building program.

Upon notice the Salvation Army, Good Samaritan Hospital Association, Pine Ridge Hospital, Inc. and St. Mary's Hospital, Inc. filed answers for affirmative relief seeking a distribution of their respective portions of the residuary estate.

David L. Gregory and other of the individual legatees entitled to one-half of the residuary estate have answered that the beneficiaries under Mr. Gregory's will and the distributive shares that will go to each have not been determined by the court, and that distribution should not be made until the rights of the several beneficiaries and the portion of the estate payable to each has been determined; that should the court find it proper to make a partial distribution to petitioner, an amount equal to the amount distributed to the corporate beneficiaries should be set aside for the individual beneficiaries and such principal and income therefrom paid over to them upon the determination of the individual beneficiaries and the proper share due to each of them.

Atlantic National Bank of West Palm Beach and Ernest B. Walton, as executors of the Gregory estate, have answered that a partial distribution cannot be made at this time because paragraph seventh of the will provides as follows—

(f) Upon the death of the last survivor of the above mentioned life tenants or upon my death, if all of such life tenants shall predecease me, I hereby direct that my Executors and Trustees shall convert the residuum of my estate into cash, for the purposes of distributing same, provided however, that distribution need not be made until one (1) year after such death, it being my wish that this period of one year be afforded to my Executors and Trustees in order to give them sufficient time to prepare the residuum for distribution and to properly locate and identify the distributees, it being understood that if they shall be able to make the necessary and proper arrangements to these ends before the end of the one (1) year period, then they may distribute the residuum at such time as in their judgment, it is proper and wise to do so.

And that Ella Meigs, the last survivor of the life tenants, is still alive and therefore distribution cannot be made until the time of her death.

Paragraph seventh of the will goes on to provide—

> At such time, I do hereby direct that my Executors and Trustees shall distribute the residuum as follows:
>
> (1) One-half shall be divided equally among all of my grandnephews and grandnieces, which is to say, grandchildren of my brothers and sisters, who are living at the time of the death of the last surviving life tenant, or at the time of my death, if all of said tenants shall have predeceased me . . . .
>
> (2) One-half to be equally divided among the St. Mary's Hospital, Inc., Pine Ridge Hospital, Inc., Salvation Army, Young Men's Christian Association of the Palm Beaches and Good Samaritan Hospital Association.
>
> Provided, however, in the event any or all of the above named charitable organizations cannot take under the provisions of the will for any reason whatsoever, or in the event sub-paragraph (f) (2) paragraph seventh shall lapse for any reason whatsoever, then in that event I direct that any portion of my estate which would have been received by any or all of the above named charitable organizations be distributed in accordance with sub-paragraph (f) (1) paragraph seventh and shall be divided equally among all of my grandnephews and grandnieces, which is to say, grandchildren of my brothers and sisters.

Paragraph seventh (a) of the will is as follows—

> (a) To pay to my sister, Ella Meigs, the sum of fifty ($50.00) Dollars per month from the income derived from the corpus of this trust fund, said payments to be made to her for the duration of her natural life . . . .

Testimony taken before the court in support of the petition discloses that Ella Meigs, the last surviving life tenant, is above the age of 85 years, that there are assets in the hands of the executors in excess of $900,000, and that all of the debts of the estate including the estate tax have been paid excepting only the balance due on executors' and attorneys' fees.

The question to be decided before any distribution can be ordered is whether or not the gifts to the petitioner and other charitable organizations mentioned in paragraph seventh (2) are vested or contingent remainders. It seems clear that the legacies provided in paragraph seventh (1) of the will are contingent remainders, for they are limited to the grandnephews and grandnieces who are living at the time of the death of the last surviving life tenant. The persons who are to receive the estate under this bequest are therefore uncertain and consequently no present estate passes to any of them.

The contingency to be applied to the legatees named in paragraph seventh (2) as provided in said clause is the eventuality that any or all of them cannot take under the provisions of the will, in which event their portion is to be distributed to the grandnephews and grandnieces under subparagraph (f) (1). No such disqualifications existed at the time of the death of the decedent nor does such impediment exist now.

Does the phrase "at such time" used by the testator in directing his executors and trustees to distribute the residuum of his estate act to postpone the vesting of the legacies in the charitable institutions until the death of the last surviving life tenant? I believe the answer should be given in the negative. This phrase, it seems to me, was intended to be used in connection with the legacies to the grandnephews and grandnieces which it immediately preceded, whereas the proviso following the legacies to the charitable organizations requires only that they be able to take under the provisions of the will. "Estates in remainder vest at the earliest period possible, unless a contrary intention on the part of the testator is clearly shown. When it is a remainder after a life estate, it is regarded as a vested remainder, and possession only is postponed." Sorrels v. McNally (Fla.), 105 So. 106, at page 111. See also Story v. First National Bank & Trust Co. (Fla.), 156 So. 101.

I hold that the remainder to the charitable organizations vested at the death of the testator; that it is an asset of each of the said legatees, which will pass to their successors or assigns.

Testimony before the court given by the trust officer of the executor bank shows that there is available for distribution to the residuary legatees without risk of impairing the right of the last surviving life tenant to her legacy of $50 per month for the rest of her life, the sum of $800,000.

I can find no reasonable purpose expressed in the will for withholding the entire estate from those who have a present vested interest subject only to the postponed enjoyment during the lifetime of the surviving life tenant.

It is therefore ordered, adjudged and decreed that the executors distribute the sum of $400,000, divided equally, that is to say, $80,000 each to St. Mary's Hospital, Inc., Pine Ridge Hospital, Inc., Salvation Army, Young Men's Christian Association of the Palm Beaches and Good Samaritan Hospital Association, and to set aside an equal amount of $400,000 for the individual beneficiaries to be determined by the court under the provisions of paragraph seventh (f) (1) at the time of the death of the last surviving life tenant, the principal and the income therefrom to be distributed upon further order of the court at that time.